## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION: 1:06CV-181-M**

**HORACE MANN INSURANCE COMPANY**                                                            **PLAINTIFF**

**v.**

**RICHARD ALBERTS**                                                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon cross-motions for summary judgment filed by Plaintiff, Horace Mann [DN 20], and Defendant, Richard Alberts [DN 21]. Horace Mann Insurance Company seeks a declaration by the Court that they have no duty to defend or to provide coverage for Richard Alberts in an underlying action in state court. Prior to addressing the cross-motions for summary judgment, the Court ordered supplemental briefs on the issue of whether the Court can properly maintain jurisdiction over this action under the Declaratory Judgment Act. The parties filed their supplemental briefs [DN 32, DN 33, DN 34, DN 35]. Fully briefed, this matter is ripe for decision.

### BACKGROUND

On June 25, 2005, Richard and Lynda Alberts traveled from their home in Michigan to Dale Hollow Lake near Burkesville, Kentucky. The family had scheduled a four day vacation with family and friends on a rental houseboat. Mary Ann Goodwin, a family friend, reserved the houseboat from Hendricks Creek Fishing Camp and provided an advance deposit for the houseboat rental.

When the group arrived at Dale Hollow Lake on June 26, 2005, Goodwin went inside the Hendricks Creek facility to rent the houseboat and to sign the Houseboat Rental Contract Agreement. The Rental Agreement contained a list of renters. After loading the houseboat with their luggage and supplies, an employee of Hendricks Creek asked the group who was going to be the Captain and First Mate. Richard Alberts agreed to be the First Mate of the houseboat and signed the Boarding Instructions-Plan 90 document. As First Mate, Mr. Alberts was responsible for helping guide the boat into the dock, taking out the plank, and tying up the boat.

On the first evening of the trip, the group docked the boat on an island. As Lynda Alberts walked down the plank, she claims the plank shifted causing her to fall. As a result of the fall, Linda claims injuries to her knee, specifically a fractured tibial plateau of the left knee and other personal injuries related to her fall. Mrs. Alberts filed an action in the Cumberland Circuit Court styled <u>Lynda Alberts v. Hendricks Creek Fishing Camp, Inc.</u>, Civil Action No. 05-CI-120, wherein Mrs. Alberts alleged personal injuries resulting from the rental and use of the houseboat on June 26, 2005. Ms. Alberts sued only Hendricks Creek as a defendant in that action. On or about September 11, 2006, Hendricks Creek filed a third-party complaint against Richard Alberts alleging the fall of Mrs. Alberts was due in part to his negligence in performing his duties as First Mate. Hendricks Creek also alleges that Mr. Alberts is liable based upon a contractual agreement and seeks indemnity. Hendricks Creek also sued Tim Alberts, the Captain, and Mary Ann Goodwin, the individual who rented the houseboat.

On September 18, 2006, Richard Alberts presented Horace Mann with a claim to defend. In November of 2006, Plaintiff filed this declaratory judgment action requesting the Court find that Horace Mann does not have a duty to defend or pay any amounts under the insurance policy issued by it to Richard Alberts. Plaintiff argues that the policy clearly excludes coverage for bodily injury to an insured which includes Mrs. Alberts under the household exclusion provision. As a result, Plaintiff contends that it has no legal duty to pay a judgment, if any, that may be awarded against Richard Alberts arising from the personal injury claim filed by his wife against Hendricks Creek in state court.

On May 18, 2007, the parties filed cross-motions for summary judgment. Before deciding these motions for summary judgment, the Court must decide whether it should exercise jurisdiction over this action under the Declaratory Judgment Act.

## LAW

Exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory.[1] Bituminous Casualty Corp. v. J & L Lumber Co., Inc., 373 F.3d 807, 812 (6th Cir. 2004) (citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942)). See also Travelers Indemnity Co. v. Bowling Green Professional Associates, 495 F.3d 266 (6th Cir. 2007). The Sixth Circuit has "held in insurance coverage diversity cases that 'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom

---

[1] "Declaratory judgment acts are procedural rules; therefore, in a diversity case, the Federal Declaratory Judgment Act applies." See Nationwide Mut. Fire Insurance Co. v. Creech, 431 F. Supp. 2d 710, 712 n.1 (E.D. Ky. 2006)(citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671(1950)).

3

helpful in resolving an ongoing action in another court.'" Bituminous, 373 F.3d at 812 (citing Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co., 791 F.2d 460, 463 (6th Cir. 1986)). Further, the Sixth Circuit has emphasized that "such actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and *res judicata* are created." Id. (citing Scottsdale Ins. Co. v. Roumph, 211 F.3d 964 (6th Cir. 2000); Omaha Property and Casualty Ins. Co. v. Johnson, 923 F.2d 446, 448 (6th Cir. 1991); Allstate Ins. Co. v. Mercier, 913 F.2d 273, 278-79 (6th Cir. 1990); Grand Trunk Western R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984)).

It is necessary to examine five factors to determine whether a case is appropriate for a declaratory judgment. Bituminous, 373 F.3d at 813. In determining whether such exercise is appropriate, the Sixth Circuit instructs a district court to examine:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

Id. (citing Scottsdale, 211 F.3d at 968 (citations omitted)).

## DISCUSSION

Considering the first and second factors, Plaintiff argues that a declaratory judgment would settle the controversy in this coverage action and clarify the legal relations at issue

4

between it and its insured, Richard Alberts.  This argument has been rejected in Travelers, 495 F.3d at 272.[2]  See also Westport Insurance Corp. v. Al Bourdeau Insurance Services, 2007 WL 2225874, *3 (E.D. Mich. Aug. 2, 2007); Allstate Insurance Co. v. Regalbuto, 2007 WL 2286311, *3 (N.D. Ohio Aug. 6, 2007).

The Court agrees with the Plaintiff that a declaratory judgment would settle the controversy regarding the scope of the insurance coverage under the Horace Mann insurance policy in question and clarify whether Horace Mann has a duty to defend Mr. Alberts in the state court action.  However, the focus of the first two factors is not the impact the declaratory judgment action would have on the federal action, but instead the impact on the state court action.  In other words, the question the district court must decide is whether the declaratory judgment action would settle the underlying **state court** controversy or clarify the legal relationship with the **state court** parties. See Travelers, 495 F.3d at 272.  But see Northland Insurance Co. v. Stewart Title Guaranty Co., 327 F.3d 448, 454 (6th Cir. 2003).  Therefore, a decision to grant or deny the declaratory relief in the present case would "not settle the controversy in the underlying state court litigation" or "clarify the legal relationship between [the parties] in the underlying state action." Travelers, 495 F.3d at 272 (quoting Bituminous, 373 F.3d at 814).  Additionally, just as in Travelers, parties in the

---

[2]In Travelers, the Sixth Circuit found that, while the district court's decision could settle the controversy and clarify the legal relationship between the insured and the insurer in the declaratory judgment action, it would not resolve the controversy or clarify the legal relationship between all the parties in the underlying state court liability case. 495 F.3d at 272.  The Sixth Circuit found it significant that the state court plaintiffs were not parties in the federal insurance coverage case and would not be bound by the entry of a declaratory judgment. Id.

5

underlying state court action who may potentially be affected by the judgment were not joined in this declaratory judgment action. Thus, as a non-party, Hendricks Creek, would not be " bound by the entry of a declaratory judgment." Travelers, 495 F.3d at 272. For these reasons, the Court concludes that the first and second factors weigh against federal jurisdiction.

As for the third factor, there is no evidence of a "race for res judicata" or improper motive in this action. As such, the Court finds this factor weighs in favor of exercising jurisdiction.

In determining the fourth factor – whether the exercise of federal jurisdiction would increase friction between federal and state courts, three additional factors – the Scottsdale factors – are utilized:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Bituminous, 373 F.3d at 814-15 (citing Scottsdale, 211 F.3d at 968).

This declaratory judgment action is based on Horace Mann's contention that the claims of Hendricks Creek against Richard Alberts in the underlying state court action fall under the household exclusion provision in the insurance policy. At this stage of the litigation, it would appear that the issues in this declaratory judgment action can be resolved without engaging in a factual inquiry as to whether Hendricks Creek or Richard Alberts

breached a duty to Mrs. Alberts. Thus, the first <u>Scottsdale</u> factor would weigh in favor of exercising jurisdiction.

However, a review of the remaining <u>Scottsdale</u> factors warrant a different conclusion. The Sixth Circuit has cautioned that "issues of 'insurance contract interpretation are questions of state law with which the . . . state courts are more familiar and, therefore, better able to resolve.'" <u>Travelers</u>, 495 F.3d at 273 (quoting <u>Bituminous</u>, 373 F.3d at 815)). "'[S]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public polices that form the foundation for such regulation.'" <u>Travelers</u>, 495 F.3d at 273. Additionally, this case is not likely to turn on federal common law or federal statutory law. Rather, Kentucky law will dictate the resolution of the state court action and either Kentucky or Michigan law will dictate a resolution of this declaratory judgment action. See <u>Westport</u>, 2007 WL 2225874, *4. Just as in <u>Travelers</u>, "[t]his is not a case where federal law will come into play, and, therefore a state court forum is preferable." <u>Travelers</u>, 495 F.3d at 273. Given that the Sixth Circuit has cautioned that a state is in a better position to apply and interpret insurance law, the Court finds that the fourth factor tips in favor of declining to exercise jurisdiction.

Finally, the Court considers the alternative remedies available to Horace Mann Insurance Company. Kentucky provides a declaration of rights procedure under KRS § 418.040. <u>Bituminous</u>, 373 F.3d at 816. There is no basis from which to conclude that this alternative remedy will fail to adequately protect Horace Mann's interests. <u>Westport</u>, 2007 WL 2225874, *5. This factor weighs against exercising jurisdiction.

Having considered the relevant factors in light of <u>Travelers Indemnity Company v. Bowling Green Professional Associates</u>, the Court concludes that the balance of the factors weigh against exercising jurisdiction in this case.

## CONCLUSION

For the reasons set forth above, the Court declines to exercise federal discretionary jurisdiction over this declaratory judgment action.  **IT IS HEREBY ORDERED** that the Plaintiff's complaint is **dismissed.  IT IS FURTHER ORDERED** that the cross-motions for summary judgment [DN 20, DN 21] are **moot**.

cc: counsel of record